**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| SHAWN M.,[1]<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | No. 25-CV-3042-CJW-MAR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the Court is a Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court affirm in part and deny in part the decision of the Administrative Law Judge ("ALJ") denying Shawn M.'s ("claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), Title 42, United States Code, Sections 401–34. (Doc. 13). Neither party has filed objections and the time for doing so has passed. For the following reasons, the Court accepts Judge Roberts' R&R, (*Id.*), without modification, reverses the Commissioner's decision, in part, and remands this matter for further proceedings.

## *II. BACKGROUND, STANDARDS, AND THE ALJ'S FINDINGS*

The Court finds that Judge Roberts very thoroughly and accurately set out the background, disability determinations and burden of proof, the ALJ's findings, and the

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

substantial evidence standard, (*Id.*, at 1–7). Thus, the Court adopts those portions of the R&R and incorporates them by reference without replicating them here.

The key background information as summarized by Judge Roberts follows. Claimant alleged disability due to alcoholism, cirrhosis, bipolar disorder, anxiety disorder, depression, post-traumatic stress disorder, and systemic psoriasis. (AR, at 251). The ALJ determined that claimant met the insured status requirements through June 30, 2027. (AR, at 20). The ALJ then determined that claimant had not engaged in substantial gainful activity from the onset date of February 14, 2021. (*Id.*). The ALJ concluded from the medical evidence that claimant suffered from the following severe impairments: depressive disorder, anxiety disorder, and alcohol use disorder. (*Id.*, at 21). The ALJ found claimant did not have an impairment or combination of impairments listed in 20 Code of Federal Regulations Part 404, Subpart P, Appendix 1. (*Id.*, at 24). The ALJ evaluated claimant's claims under listing 12.04 (depressive disorders) and 12.06 (anxiety disorders). (*Id.*) The ALJ also determined that claimant did not satisfy either the "paragraph B" or "paragraph C" criteria. (*Id.*, at 24-26). The ALJ determined that claimant had the following residual functional capacity to work ("RFC"):

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to understanding, remembering, and completing simple routine tasks but not at a production rate pace; and is able to adapt to only simple changes in a work setting.

(*Id.*, at 26). The ALJ determined that, based on this RFC, claimant was unable to perform her past relevant work. (*Id.*, at 34). Nevertheless, the ALJ found that there were other jobs that existed in significant numbers in the national economy claimant could perform, including cafeteria attendant, mail clerk, and routing clerk. (*Id.*, at 35). Thus, the ALJ concluded that claimant was not disabled. (*Id.*, at 36).

### *III. STANDARD OF REVIEW OF AN R&R*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## *IV. DISCUSSION*

In her brief before Judge Roberts, claimant argued that the ALJ erred by (A) committing a *Gann/Dowden* error with regard to 1-2 step commands; and (B) failing to fully and fairly develop the record concerning physical limitations related to her left foot. (Doc. 9, at 17–20). The Court will address each claim in turn.

### *A.* **Gann/Dowden** *Error*

Claimant argued that under the operative opinion regulations at the time of the ALJ's decision and relying on *Gann v. Berryhill*, 864 F.3d 947 (8th Cir. 2017), "when an ALJ afford[s] significant weight to an opinion, the ALJ must explain why portions of such an opinion more limiting than the ALJ's RFC determination are not adopted in the ALJ's RFC." (*Id.*, at 17). Claimant asserted that "[b]oth agency psychological consultants . . . found [Claimant] was limited to 'simple, repetitive tasks consisting of 1–2 step commands.'" (*Id.*, at 18) (citing AR, at 94, 105). Claimant argued that the "lack of explanation for dropping the '1-2 step commands' limitation was harmful because the Reasoning Level 2 and 3 jobs the VE identified would have conflicted with that limitation had it been included per the DOT." (*Id.*).

In *Dowden v. Saul*, No. 19-CV-2054-KEM, 2020 WL 6470180 (N.D. Iowa Nov. 3, 2020), the district court addressed failure of an ALJ to adopt a limitation found by state agency psychological consultants. The district court explained that prior to the regulation changes outlined above:

> courts routinely held that remand may be required when the ALJ assigned great weight to the opinion of a state agency consultant but without explanation, found the claimant less limited than the state agency consultant. *See Gann v. Berryhill*, 864 F.3d 947 (8th Cir. 2017) (holding that the ALJ erred by assigning "significant weight" to opinions of state agency consultants but failing to adopt some of their opined limitations); *Johnson v. Comm'r of Soc. Sec.*, No. 17-CV-3045-LTS, 2018 WL 4868986, at *5 (N.D. Iowa Aug. 27, 2018) (collecting cases from district courts in the Eighth Circuit remanding "when the ALJ purportedly g[ave]

> 'great weight' to the opinion of a state agency consultant but fail[ed] to adopt some of the limitations contained in that opinion without explanation"), *report and recommendation adopted*, 2018 WL 4489458 (Sept. 19, 2018); *see also Block v. Saul*, No. C18-118-LTS, 2020 WL 1505566, at *6-7 (N.D. Iowa Mar. 30, 2020) (noting that remand is not required when the ALJ assigns significant weight to the opinions of state agency consultants and fails to adopt one of their limitations as long as the ALJ's opinion as a whole "adequately articulate[s] reasons" for the failure).

*Id.*, at *7. Turning to the new regulations, again outlined above, the district court explained that:

> The new regulations explicitly provide that the ALJ must explain how persuasive, supported, and consistent a medical opinion is (including a medical opinion from a state agency consultant). The purpose of this regulation would be undermined if the ALJ could state a medical opinion was persuasive, well-supported, and consistent with the record, without adopting the limitations contained in that opinion or otherwise addressing them.

*Id.* Further, the district court discussed the ALJ's failure to address why the state agency consultant's one-or-two-step task limitation was not adopted:

> Because the ALJ did not explain the failure to adopt the one-or-two-step-tasks limitation, it is unclear whether the ALJ believed his RFC determination captured this limitation, or whether the ALJ found this limitation unsupported or inconsistent with the record. . . . Substantial evidence does not support the ALJ's failure to include a limitation to jobs involving only one-or two-step tasks. *See also Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (holding that an ALJ's RFC determination must be supported by some medical evidence from a medical professional). Remand is required for the ALJ to further address the state agency consultants' opinions.

*Id.* at *8.

With this law in mind, Judge Roberts reviewed the record and the medical evidence, summarizing the findings of Dr. Brandon, the initial state agency consultant,

and the findings of another state agency consultant, Dr. Pederson, who evaluated the medical records on reconsideration. (Doc. 13, at 8-9). Judge Roberts then reviewed the ALJ's findings and assessment of the state agency consultants. (*Id.*, at 12-13). Judge Roberts found "that '[b]ecause the ALJ did not explain the failure to adopt the one-or-two-step-tasks limitation, it is unclear whether the ALJ believed his RFC determination captured this limitation, or whether the ALJ found this limitation unsupported or inconsistent with the record.'" (*Id.*, at 14-15 (quoting *Dowden*, 2020 WL 6470180, at *8). Judge Roberts explained the basis for his conclusion at length.

> The Commissioner's argument that "[c]ontrary to Plaintiff's argument, state agency psychological consultants Jonathan Brandon, Ph.D., and Erin Pederson, Ph.D., did not limit Plaintiff to the performance of 1-2 step tasks in their prior administrative medical findings," is incorrect. Dr. Brandon, affirmed on reconsideration by Dr. Pederson, specifically stated:
>
> > The evidence indicates that the claimant will have some difficulty concentrating for extended periods, remembering, understanding, and carrying out detailed instructions, and interruption to the ability to keep pace from psychologically-based symptoms. However, *the claimant retains the mental capacity to perform simple, repetitive tasks consisting of 1-2 step commands.*
>
> (*Id.* at 94) (emphasis added). I am also unpersuaded by the Commissioner's argument that "the ALJ did not expressly find the prior administrative medical findings of Drs. Brandon and Pederson fully persuasive." The Commissioner's reading of the ALJ's decision that "the ALJ did, indeed, determine that their findings were persuasive 'overall'" but only "to the extent they considered Plaintiff capable of performing simple, repetitive tasks," is a nonsensical reading of "overall." In his decision, the ALJ states that the psychologist consultants determined that Claimant "*retained the mental capacity to perform simple, repetitive tasks consisting of 1-2 step commands*." (*Id.* at 33) (emphasis added). The ALJ found the psychologist consultants' opinions "overall" persuasive. The ALJ did not limit this finding of persuasiveness, indicating that the ALJ's use of "overall" did not somehow remove the performance of simple, repetitive tasks as consisting of more than 1-2 step commands. The plain reading of the ALJ's decision is that he found the psychologist consultants' opinion that Claimant

> "retained the mental capacity to perform simple, repetitive tasks consisting of 1-2 step commands" persuasive.
>
> However, in his RFC, the ALJ limited Claimant to "understanding, remembering, and completing simple routine tasks but not a production rate pace[.]" (*Id.* at 26.) Even though the ALJ found the psychologist consultants' opinions persuasive, he did not include the limitation to "simple, repetitive tasks consisting of 1-2 step commands" in the RFC assessment. The ALJ did not explain this omission. Furthermore, this is not a harmless error because at step five, the representative jobs the ALJ determined Claimant could perform cafeteria attendant and routing clerk are reasoning Level 2 jobs and the mail clerk job is reasoning Level 3. *See* DICOT 311.677-010 (G.P.O), 1991 WL 672694; DICOT 222.687-022 (G.P.O), 1991 WL 672133; DICOT 209.687-026 (G.P.O), 1991 WL 671813. This is significant because tasks consisting of 1-2 step commands involve Level 1 reasoning. *See Moore*, 623 F.3d at 604 (providing that Level 1 reasoning is defined in the DOT "as the ability to '[a]pply commonsense understanding to carry out simple one-or two-step instructions'") (alteration in original) (quoting *Dictionary of Occupational Titles* (4th ed. 1991) at 1011).
>
> As discussed in *Dowden*, the regulations "explicitly provide that the ALJ must explain how persuasive, supported, and consistent a medical opinion is (including a medical opinion from a state agency consultant)" and if an ALJ "could state a medical opinion was persuasive . . . without adopting the limitations contained in the opinion or otherwise addressing them," then the requirements of the regulation would be pointless. 2020 WL 6470180 at *7.

(*Id.*, at 13-14). Accordingly, Judge Roberts recommended the Court remand this matter for the ALJ to fully address the psychologist consultants' opinions. (*Id.*, at 15).

The Court concurs with Judge Roberts' analysis and conclusion. Here, the ALJ's explanation is inadequate for a reviewing Court to determine whether substantial evidence in the record supports the ALJ's determination that claimant was not disabled. It may very well support that conclusion, but the ALJ needs to fully explain and address the psychologist consultants' opinions so the Court can assess whether, based on the ALJ's

analysis, substantial evidence supports the conclusion. It is not for the reviewing court to perform this analysis. Thus, the Court **accepts** Judge Roberts' R&R on this issue.

***B. Developing Record Error***

Claimant argued that the "ALJ found [claimant's] severe physical impairment relating to her left foot was non-severe as there was no evidence this impairment caused more than minimal limitations for any continuous 12-month period." (Doc. 9, at 19-20). Claimant asserted that her left foot issues "spanned well over 12 months and were severe and limiting enough to cause her to need surgery, be limited in ambulation, require several injections, and gain so much weight she became prediabetic by the time of [the] hearing[.]" (*Id.*, at 20). Claimant pointed out that she had foot surgery in February 2023 and in March 2024 EMG testing on her foot found abnormalities including mild polyneuropathy requiring "job modification," "pain management," "physical therapy," and "falls prevention." (*Id.*, at 20-21). Claimant concluded that "[r]emand is warranted for record development to ensure the podiatry records are complete followed by a medical expert review of the record to inform the ALJ's analysis of at least [claimant's] left foot-related limitations." (*Id.*, at 21).

In addressing this claim, Judge Roberts reviewed the pertinent law about an ALJ's duty to develop the record, then reviewed the ALJ's discussion and analysis of claimant's left-foot issues. (Doc. 13, at 16-18). Based on that review, Judge Roberts concluded that "the ALJ thoroughly reviewed and considered the medical evidence in the record and outlined by Claimant in her brief." (*Id.*, 18). Judge Roberts found "[t]he ALJ also thoroughly explained his reasons for finding Claimant's left foot issues non-severe." (*Id.*). It followed that Judge Roberts found "the record [wa]s fully and fairly developed and a consultative examination is not necessary because the ALJ had sufficient medical evidence to make his decision." (*Id.*). Judge Roberts noted that, "[e]ven if different conclusions could be drawn on this issue, the conclusions of the ALJ should be upheld

because they are supported by substantial evidence on the record as a whole," and that it is not for this Court to "reweigh evidence." (*Id.*). Judge Roberts therefore recommended the Court affirm the ALJ on this issue.

The Court again concurs with Judge Roberts' thorough analysis and sound conclusion. Here, the ALJ fully reviewed the record and explained the reasoning for not finding the left foot issues severe. There was more than sufficient medical evidence to support that conclusion and no need for further development of the record. Thus, the Court **accepts** Judge Roberts' R&R on this issue.

## *V. CONCLUSION*

For these reasons:

1. The Court **accepts** Judge Roberts' R&R (Doc. 13) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Consistent with Judge Roberts' recommendation, the Commissioner's determination is **reversed**, and this matter is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings consistent with this order and Judge Roberts' R&R.

**IT IS SO ORDERED** this 28th day of September, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa